UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

| | | |
|---|---|---|
| Case No. | **CV 21-3759-JFW(MARx)** | Date: July 15, 2021 |
| Title: | Eydan Berger -v- Mercedes-Benz USA, LLC | |

**PRESENT:**

      HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**   ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND TO STATE COURT [filed 6/8/21; Docket No. 22]

      On June 8, 2021, Plaintiff Eydan Berger ("Plaintiff") filed a Motion for Remand to State Court ("Motion"). On June 21, 2021, Defendant Mercedes-Benz USA, LLC ("Defendant") filed its Opposition. On June 28, 2021, Plaintiff filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument. The matter was, therefore, removed from the Court's July 12, 2021 hearing calendar and the parties were given advance notice. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.**     **Factual and Procedural Background**

      On March 29, 2021, Plaintiff filed a Complaint against Defendant in Los Angeles Superior Court, alleging causes of action for: (1) breach of the implied warranty of merchantability under Song-Beverly Warranty Act; and (2) breach of express warranty under Song-Beverly Warranty Act. In the Complaint, Plaintiff alleges that she leased a new 2019 Mercedes-Benz GLC350 (the "Subject Vehicle") on approximately August 27, 2019 for personal, family, and household use. Plaintiff also alleges that she had the Subject Vehicle serviced by an authorized service and repair facility on at least four separate occasions for a variety of defects, including a malfunctioning backup camera, a defective rear end door handle, check engine light issues, a faulty electric coolant pump, check coolant temperature light issues, an inoperable retractable luggage cover, and transmission issues, including slamming into gear.

      On May 3, 2021, Defendant removed this action, alleging that this Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). According to Defendant, Plaintiff's lease payments

over the next three years will total $21,817.08.[1] Defendant also alleges that the Subject Vehicle has an estimated buyout value of $32,403.25. As a result, Defendant alleges that the amount in controversy in this action, assuming a maximum civil penalty award and accounting for any buyout of the Subject Vehicle would be $97,854.49 (($21,817.08 + ($21,817.08 x 2))[2] + $32,403.25), exclusive of attorneys' fees.

In the Motion, Plaintiff argues that Defendant has failed to demonstrate that the amount in controversy exceeds $75,000 and that comity principles weigh heavily in favor of remand. In its Opposition, Defendant argues that it is apparent from the face of Plaintiff's Complaint that the amount in controversy exceeds $75,000.

## II.     Legal Standard

A motion to remand is the proper procedure for challenging removal. *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir.1995). The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999). Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal. *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.*").

## III.    Discussion

### A.     Defendant Has Failed to Demonstrate That The Amount in Controversy Exceeds $75,000.

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332. "[T]he amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018). When a complaint, as in this case, does not identify damages with specificity, a defendant seeking to remove the case to federal court must demonstrate that it is "more likely than not" that the amount in controversy will be satisfied. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

---

[1] According to Defendant, the total value of the Subject Vehicle at the time of the lease was $47,849,58.

[2] Defendants calculate damages under the Song-Beverly Warranty Act as the amount Plaintiff was scheduled to pay under the terms of the lease for the Subject Vehicle ($21,817.08) plus two times that amount as a civil penalty ($21,817.08 x 2), or $65,451.24.

Under the Song-Beverly Warranty Act, actual damages are the "actual price paid or payable by the buyer," minus the reduction in value "directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)–(C). The reduction is based on the number of miles the buyer has driven the vehicle prior to the first attempted repair, or the "use offset." *Id.* Courts calculate the use offset by multiplying the price paid for the vehicle "by a fraction having [as] its denominator 120,000 and having as its numerator the number of miles traveled by the new motor vehicle prior to the time the buyer delivered the vehicle for correction of the problem." *Mullin v. FCA US, LLC*, 2020 WL 2509081, at *3 (C.D. Cal. May 14, 2020) (internal citations omitted). In addition, damages may be based on the actual lease payments made by a plaintiff, or what is "at stake" in order to make the plaintiff whole again. *See, e.g., Brady v. MBUSA*, 243 F. Supp. 2d 1004, 1008 (N.D. Cal. 2002) (holding that a plaintiff's actual damages are limited to lease payments actually made). In *Brady*, the court explained that this conclusion "is consistent with the logic and purpose of the Song-Beverly Act to make the consumer whole," and also "with the general principle of restitution embodied in [California Civil Code § 1793.2(d)(2)(B)] which seeks to restore the plaintiff to his or her original position." *Id.*

In this case, Defendant improperly estimated Plaintiff's actual damages to be the total payments due under the lease, but Defendant failed to consider that: (1) Plaintiff has not paid the full amount due; and (2) the reduction based on Plaintiff's use, or the "use offset." Indeed, Defendant has failed to demonstrate the amount of Plaintiff's actual lease payments. Thus, Defendant has failed to carry its burden in establishing Plaintiff's actual damages. *See Lopez v. FCA US LLC*, 2019 WL 4450427, at *1 (C.D. Cal. Sept. 16, 2019) ("Without [the amount of payments made], the Court is left with considerable doubt as to the amount-in-controversy"); *see also Ghayaisi v.Subaru of Am., Inc.*, 2020 WL 1140451, at *1 (C.D. Cal. Mar. 6, 2020) (remanding action when defendant relied on total payments to be made under lease agreement, but "present[ed] no facts regarding how many payments were actually made on the installment contract"); *Chavez v. FCA US LLC*, 2020 WL 468909, at *2 (C.D. Cal. Jan. 27, 2020) (remanding where defendant failed to meet burden of showing actual damages because the defendant provided only the sales contract, and "fail[ed] to indicate an amount of payments made").

In addition, Defendant has not applied any reduction for the use offset or otherwise demonstrated what reduction should be made for depreciation of the Subject Vehicle. *See Schneider v. Ford Motor Co.*, 756 Fed. Appx. 699, 701 n. 3 (9th Cir. 2018) ("Consideration of the [u]se [o]ffset [is] appropriate" in determining the amount in controversy as the Ninth Circuit has "recognized that an estimate of the amount in controversy must be reduced if a specific rule of law or measure of damages limits the amount of damages recoverable.") (internal quotation marks omitted); *see also Maciel v. BMW of N. Am., LLC*, 2017 WL 8185859, *2 (C.D. Cal. 2017) (finding amount in controversy not satisfied given defendant's failure to consider set-off amount); *Chavez*, 2020 WL 468909, at *2 ("If the amount of actual damages is speculative, however, an attempt to determine the civil penalty is equally uncertain."). Thus, Defendant has failed to establish the amount allocable to the use offset. *See, e.g., Mullin*, 2020 WL 2509081, at *3 (finding that the defendants failed to meet their burden to show actual damages where they neglected to account for the mileage offset). In light of the fact that Defendant has failed to account for Plaintiff's actual lease payments and the use offset, Defendant has failed to carry its burden as to Plaintiff's actual damages. *See, e.g., Edwards v. Ford Motor Co.*, 2016 WL 6583585, at *4 (C.D. Cal. Nov. 4, 2016) (concluding that "Defendant has failed to establish the likelihood that Plaintiff may recover any amount of actual damages by a preponderance of the evidence" where the defendant failed to

Initials of Deputy Clerk __sr__

produce information about how much the plaintiff paid for the car or what the use offset would be); *see also Eberle v. Jaguar Land Rover N. Am., LLC*, 2018 WL 4674598, at *2 (C.D. Cal. Sept. 26, 2018) (remanding because the defendant "offered no maintenance record or any other facts to assist the Court in determining what the actual damages might be without resorting to speculation").

With respect to a civil penalty, if a court determines that a defendant's failure to comply with the terms of the Song Beverly Warranty Act is willful, a plaintiff is entitled to recover a civil penalty of up to twice the amount of the actual damages. Cal. Civ. Code § 1794(c). However, if the amount of actual damages is speculative, any attempt to determine the civil penalty is equally speculative. *See Edwards*, 2016 WL 6583585, at *4 (finding that the defendant's failure to establish the amount of actual damages precluded the Court from determining the amount of a civil penalty). In this case, because Defendant has failed to establish the amount of actual damages, Defendant has also failed to adequately demonstrate the potential civil penalty. *See Eberle*, 2018 WL 4674598, at *2 (finding that where the amount of actual damages is speculative, the court is unable to determine whether a civil penalty might be imposed).

With respect to attorneys' fees, the Ninth Circuit recently held that a "defendant may attempt to prove that future attorneys' fees should be included in the amount in controversy." *Fritsch*, 899 F.3d at 794. However, a removing defendant must "prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence," and "make this showing with summary-judgment-type evidence." *Id.* at 795. In addition, "[a] district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof." *Id.* "[D]istrict courts may . . . rely on their own knowledge of customary rates and their experience concerning reasonable and proper fees." *Id.* (internal quotation marks omitted). In this case, Defendant argues in its Opposition that Plaintiff's attorneys' fees are likely to be at least $47,500, based on Defendants' assumption that Plaintiff's counsel will bill at least 100-120 hours at a rate of $475 per hour. For support, Plaintiff cites two previous "lemon law" cases involving Plaintiff's counsel and argues that in those cases, Plaintiff's counsel submitted motions seeking attorneys' fees of $39,199.58 and $90,956.00. However, Defendant has failed to establish why this action is similar to those two cases. This action was only recently removed, whereas one of the cases cited by Defendant was litigated for two years before it settled and the other case was litigated for three years before it settled, and both cases settled on the eve of trial. Because Defendant only offers conclusions and speculative assumptions to substantiate its attorneys' fees calculation, Defendant's statements fall short of the required summary judgment-type evidence. Thus, without more, the Court will not consider attorneys' fees in determining the amount in controversy.

Therefore, the Court concludes that Defendant has failed to meet its burden of demonstrating that the amount in controversy exceeds $75,000. Accordingly, the Court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

### B. Defendant Failed to File a Proposed Statement of Decision.

The Court's Standing Order, filed on May 19, 2021 (Docket No. 11), provides in relevant part: "Within two days of the deadline for filing the Reply, each party shall lodge a Proposed Statement of Decision, which shall contain a statement of the relevant facts and applicable law with citations to case law and the record." Standing Order, § 5(f). The deadline for filing the Reply was

June 28, 2021, and, thus, the deadline for filing the Proposed Statement of Decision was June 30, 2021. *See* L.R. 7-10. Defendant failed to timely file and still has not filed the required Proposed Statement of Decision.

Pursuant to Local Rule 7-12, "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ." In addition, the Standing Order expressly provides that the "[f]ailure to lodge the Proposed Statement will result in the denial or granting of the motion." Standing Order, § 5(f). Accordingly, pursuant to Local Rule 7-12 and the Standing Order, Plaintiff's Motion is granted on the alternative ground that Defendant failed to file a Proposed Statement of Decision.

## IV. Conclusion

For all the foregoing reasons, Plaintiff's Motion is **GRANTED,** and this action is **REMANDED** to Los Angeles County Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.